**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER BLAIR, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| KELCHNER, INC. | ) | |
| | ) | **JURY DEMAND ENDORSED** |
| Defendant. | ) | **HEREON** |
| | ) | |
| | ) | |
| | ) | |

Plaintiff, Christopher Blair, alleges against Defendant, Kelchner, Inc.:

## INTRODUCTION

1. This case challenges the policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. This case also challenges the policies and practices of Defendant that violated the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act").

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

4. This Court has supplement jurisdiction over the Ohio Wage Act claim pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Christopher Blair is an adult individual residing in Harrison County, Ohio.

7. At all times relevant, Plaintiff worked for Defendant as an hourly, non-exempt employee in this District and Division.

8. Defendant Kelchner, Inc. is a privately held, for-profit corporation doing business in Ohio with its principal place of business located in Springboro, Ohio. Defendant can be served through its statutory agent, United Agent Group, Inc., 119 E. Court Street, Cincinnati, Ohio 45202.

9. Based upon information and belief, Defendant's gross revenue was in excess of $500,000 per annum during all times material to this complaint.

10. During all times material to this Complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

11. During all times material to this complaint, Defendant was an "employer" within the meaning of the Ohio Wage Act.

12. During all times material to this complaint, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, the Ohio Wage Act.

## FACTUAL ALLEGATIONS

13. At all times material to this complaint, Plaintiff was employed by Defendant as an hourly, non-exempt employee.

14. At all relevant times, Plaintiff worked forty (40) hours or more per workweek.

15. At all relevant times, Plaintiff began his workday at approximately 6:30 a.m. Defendant did not, however, begin paying Plaintiff until 7:00 a.m.

16. For example, Plaintiff (and other co-workers) attended pre-shift safety meetings. Defendant did not pay Plaintiff (or his co-workers) for the time spent at these safety meetings. Plaintiff also performed other work duties between 6:30 a.m. and 7:00 a.m. Defendant did not pay Plaintiff for this time.

17. Defendant required Plaintiff to attend these unpaid safety meetings and perform unpaid pre-shift work.

18. Therefore, Plaintiff was not paid an overtime premium for all hours worked in excess of forty (40) in a workweek.

## COUNT ONE
## (FLSA Violation)

19. Plaintiff repeats the foregoing allegations and incorporates them herein by reference.

20. Defendant is an employer covered by the overtime requirements set forth in the FLSA.

21. Defendant violated the FLSA by failing to pay Plaintiff all overtime compensation owed to Plaintiff.

22. The FLSA requires Defendant to pay overtime compensation to its hourly employees, including Plaintiff, at one and one-half times his regular rate for all hours worked in excess of forty (40) in a workweek.

23. Defendant did not pay Plaintiff of one and one-half times his regular rate for all hours worked in excess of forty (40) in a workweek.

24. Defendant's violations of the FLSA overtime provisions injured Plaintiff in that he did not receive all overtime compensation due him.

25. Throughout Plaintiff's employment, Defendant has known that Plaintiff is not exempt from the wage and overtime obligations imposed by the FLSA. Defendant has known that it is required to pay Plaintiff for all hours worked. In spite of such knowledge, Defendant has willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff is entitled.

26. Because the Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff is entitled to these wages dating back three years. Plaintiff should have been paid overtime compensation at the rate of one and one-half times his "regular rate" for all hours worked in excess of forty hours per workweek.

27. The exact amount of compensation, including overtime compensation that Defendant has failed to pay the Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

28. Defendant's failure to pay Plaintiff compensation for all hours worked is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which he has not been paid.

29. Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay Plaintiff. As such, Plaintiff is entitled to attorney fees and costs incurred pursuant to 28 U.S.C. § 216 (b).

## COUNT TWO
### (Ohio Wage Act Violation)

30. Plaintiff incorporates by reference the foregoing allegations as if fully written herein.

31. Plaintiff brings this claim for violations of the Ohio Wage Act, Ohio Rev. Code Ann. § 4111.03.

32. Defendant violated the Ohio Wage Act, Ohio Rev. Code Ann. § 4111.03, by failing to pay Plaintiff all overtime compensation owed to Plaintiff.

33. The Ohio Wage Act requires Defendant to pay overtime compensation to its hourly employees, including Plaintiff, at one and one-half times his regular rate for all hours worked in excess of forty (40) in a workweek.

34. Defendant did not pay Plaintiff of one and one-half times his regular rate for all hours worked in excess of forty (40) in a workweek.

35. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff in that he did not receive all overtime compensation due him.

36. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award him his unpaid overtime;

B. Award him liquidated damages;

C. Award him litigation costs, expenses and attorneys' fees; and

D. Such other relief as this Court deems just and proper.

Respectfully submitted,

Nilges Draher, LLC


*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com


*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Shannon M. Draher*
Shannon M. Draher