IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER BLAIR**, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:18-CV-00160 ) ) Judge Timothy S. Black ) |
| v. | ) Magistrate Judge Stephanie K. Bowman ) |
| **KELCHNER, INC.**, | ) **JOINT MOTION FOR ORDER** ) **APPROVING FLSA COLLECTIVE** |
| Defendant. | ) **ACTION SETTLEMENT** ) |

## I.    INTRODUCTION

Representative Plaintiff, Christopher Blair, and Defendant, Kelchner, Inc., respectfully move this Court for an Order approving the Fair Labor Standards Act ("FLSA") settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached as **Exhibit A**.  The Settlement was reached by experienced counsel during arms-length, good faith negotiations.  If approved, it will provide substantial individual payments to 37 individuals, which include Representative Plaintiff and the Opt-In Plaintiffs (collectively, "Plaintiffs").

The settlement documents submitted for approval or entry by the Court consist of the following:

      **Exhibit A:**    Joint Stipulation of Settlement and Release with Exhibits.

      **Exhibit B:**    Proposed Order of Dismissal and Approving Settlement

      **Exhibit C:**    Declaration of Shannon M. Draher

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

A.     The Action and Settlement.

On March 2, 2018, Representative Plaintiff commenced the Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted. Representative Plaintiff filed an Amended Complaint on March 12, 2018. (Draher Decl., ¶ 8).

In the Action, Representative Plaintiff alleged that Defendant failed to pay him and others similarly situated for time spent traveling during their normal work hours to overnight jobs in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. (Draher Decl., ¶ 9).

Defendant filed its Answer to the Amended Complaint. Defendant denies any liability or wrongdoing of any kind. (Draher Decl., ¶ 10).

The following class was conditionally certified by stipulation of the Parties on July 17, 2018: All persons who Defendant employed or employs as non-exempt hourly employees who have not been paid for time spent traveling during the employees' normal working hours to jobsites in which an overnight stay is required at any time during the relevant three-year period. (Draher Decl., ¶ 11). Following the distribution of the Court-authorized notice, 36 current and/or former employees of Defendant meeting the above definition opted in to this lawsuit. (Draher Decl., ¶ 12).

The Parties worked together for months to settle this case. The Parties reached an agreement to settle this case on or around June 17, 2019. (Draher Decl., ¶ 14).

B.     The Settlement Terms.

If approved by the Court, the Settlement will cover 37 Plaintiffs (*See* **Exhibit A** at Exhibit 18). The total settlement amount is $96,500.00, which sum will cover: (a) all of the individual payments to the Plaintiffs; (b) Representative Plaintiff's Service Payments; and (c) Plaintiffs' Counsel's attorneys' fees and expenses. (Draher Decl., ¶ 19).

2

Approximately $44,475.24 of the settlement amount will be divided into individual payments to the Plaintiffs based on their alleged overtime damages as calculated by Plaintiffs' Counsel and approved by Defendant. This amount represents approximately 56% of the alleged unpaid overtime damages. These individual payments will be allocated as follows: 50% to the settlement of wage claims and 50% to the settlement of claims for statutory penalties. (Draher Decl., ¶ 20).

$4,000.00 of the settlement amount will be paid to Representative Plaintiff as Service Payment, in addition to his individual payment. (Draher Decl., ¶ 21).

$48,024.76 of the settlement amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($37,500.00 in fees and $10,524.76 in expenses) incurred in the Action. (Draher Decl., ¶ 22).

In exchange for these payments and other consideration provided for in the Agreement, the Action will be dismissed, and the Plaintiffs will release Defendant from federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in the Amended Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and Ohio law for the Released Period. A proposed Order of Dismissal and Approving Settlement is attached hereto as **Exhibit B**.

### III.  THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Shannon M. Draher, and as explained below, Court approval is warranted on all scores.

A. **The Seven-Factor Standard Is Satisfied**

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in the Declaration of Shannon M. Draher, this standard supports approval of the Settlement.

1) **No Indicia of Fraud or Collusion Exists**

The Parties' counsel each have extensive experience litigating FLSA claims, including claims for unpaid overtime. The Agreement was achieved only after arms-length and good faith

4

negotiations between the Parties. (Draher Decl., ¶¶ 13-15). As such, there is no indicia of fraud or collusion.

### 2) The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. Moreover, the Parties continue to disagree over the merits of Plaintiffs' claims. Plaintiffs claim that Defendant failed to pay them for time spent traveling during normal work hours to overnight jobs in violation of the FLSA. Defendant denies any wrongdoing. In addition, the Parties continue to disagree about whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applied. (Draher Decl., ¶ 28).

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (Draher Decl., ¶¶ 29-30).

### 3) Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation and informal discovery prior to negotiating the Settlement. Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate complaint for the Court and Defendant. After filing the Action, the Parties engaged in extensive informal discovery. Defendant produced Plaintiffs' time and payroll records and records relevant to the jobsites where Plaintiffs were assigned to work. In addition, Plaintiffs' Counsel engaged an expert to analyze those records and to compute Plaintiffs' alleged damages. (Draher Decl., ¶¶ 13-

16). Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.

### 4) The Risks of Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises affirmative defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all. (Draher Decl., ¶¶ 28-30).

### 5) Uncertainty of Recovery Supports Approval

Plaintiffs' range of possible recovery is also open to dispute. Even if Plaintiffs succeeded on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree.

### 6) Experienced Counsels' Views Favor Approval

Plaintiffs' Counsel is experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented Plaintiffs' best interests in reaching the Settlement. Counsel support the Settlement as fair and reasonable, and in the best interest of the Plaintiffs as a whole, as described in the Declaration of Shannon M. Draher.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for the Plaintiffs.

      1)      **The Individual Payments Are Reasonable and Adequate**

All individual payments will be calculated proportionally on each Plaintiffs' alleged overtime damages during the applicable period. (Draher Decl., ¶ 20).

      2)      **Representative Plaintiff's Service Award Is Proper and Reasonable**

Service awards to a representative plaintiff recognizing the value of his or her services on behalf of other participants are proper. As stated in *In re Dunn & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366 (S.D. Ohio 1990):

> Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent.

130 F.R.D. at 373 (citing *Wolfson v. Riley*, 94 F.R.D. 243 (N.D. Ohio 1981); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985); *In re Minolta Camera Products Antitrust Litigation*, 666 F. Supp. 750, 752 (D. Md. 1987)).

In this Circuit, service awards to representative plaintiffs are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997).

The courts recognize that "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374 (citing *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703, 710 (E.D. Mich. 1985)). See also *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Representative Plaintiff contributed significant time, effort, and detailed factual information enabling the Parties to successfully resolve this matter. His time and efforts support the requested service payment. (Draher Decl., ¶ 21).

### 3) The Attorneys Fees and Expenses to Plaintiffs' Counsel Are Proper and Reasonable

After the Court has confirmed that the terms of settlement are fair to Plaintiffs, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The Settlement reflects Defendants agreement to pay Plaintiffs' Counsel $48,024.76 for attorneys' fees and expenses ($37,500.00 in fees and $10,524.76 in expenses) incurred in the Action. This amount represents the amount of time and expense that Plaintiffs' Counsel has dedicated to this case. (Draher Decl., ¶¶ 22, 25-26).

The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."); *see also* O.R.C. § 4111.10(A) (liability includes paying "costs and reasonable attorney's fees as may be allowed by the court"). Indeed, "[a]n award of attorneys' fees under the FLSA is **mandatory**, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)). In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Court of Appeals held that the FLSA's mandatory attorney's fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers,*

8

*Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir. 1984)).

There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights").

It is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (in a case alleging violations of the FLSA, the Court approved settlement payment of $13,395.97 to the named plaintiff and $19,000 for attorneys' fees and costs); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (in a FLSA case, the Court approved settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (in a FLSA case, the Court approved $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and costs).[1]

---

[1] *See, e.g., Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D.

9

Plaintiffs have submitted sufficient evidence in support of the amount requested for attorneys' fees and costs. The services rendered to Plaintiffs reflect the extensive experience Plaintiffs' Counsel have in FLSA class and collective actions. This experience led to the settlement, which represents 56% of the alleged unpaid wages. Defendant has agreed to pay these fees and costs as part of the negotiated Agreement.

Expenses are estimated to be approximately $10,524.76. All expenses were incurred during the course of the litigation of this Action or will be incurred during the administration of the Settlement. (Draher Decl., ¶ 26).

## IV. CONCLUSION

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order of Dismissal and Approving Settlement; (2) approve Plaintiffs' Counsel's request for attorneys' fees, costs, and expenses; (3) approve the Representative Plaintiff's Service Payment; and (4) retain jurisdiction to enforce the Settlement.

---

Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc.*, 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.*, 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

Dated: July 12, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Shannon M. Draher*<br>Shannon M. Draher (0074304)<br>Hans A. Nilges (0076017)<br>**Nilges Draher LLC**<br>7266 Portage St., N.W., Suite D<br>Massillon, Ohio 44646<br>(330) 470-4428 – Telephone<br>(330) 754-1430 – Facsimile<br>Email: hans@ohlaborlaw.com<br>sdraher@ohlaborlaw.com<br><br>*Counsel for Plaintiff* | */s/ Mark Klyza*<br>S. MARK KLYZA (Ohio Bar No. 27186)<br>The Kullman Firm<br>1100 Poydras Street, Suite 1600<br>New Orleans, LA 70163<br>Phone: (504) 524-4162<br>Fax: (504) 596-4114<br>E-mail: smk@kullmanlaw.com<br><br>JOSEPH R. WARD III (*Admitted pro hac vice*)<br>The Kullman Firm<br>1100 Mount Pyramid Court, Suite 400<br>Englewood, CO 80112<br>Telephone: (720) 447-6628<br>Fax: (504) 596-4114<br>E-mail: jrw@kullmanlaw.com<br><br>*Counsel for Defendant Kelchner Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12 day of July, 2019, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Shannon M. Draher*
Shannon M. Draher
*Counsel for Plaintiff*
